UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-8888-MWF (AGRx) | Date:  December 10, 2025 |
| Title:  Jose Palomino v. General Motors, LLC et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]

Before the Court is Plaintiff Jose Palomino's Motion to Remand (the "Motion"), filed October 10, 2025. (Docket No. 13). Defendant General Motors LLC filed an Opposition on November 3, 2025. (Docket No. 18). Plaintiff did not file a Reply.

The Motion was noticed to be heard on **November 24, 2025.** The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Defendant's removal was proper and the jurisdictional facts are adequately pled in Defendant's Notice of Removal.

I.   **BACKGROUND**

On June 30, 2021, Plaintiff purchased a 2021 Chevrolet Silverado 1500 (the "Vehicle") manufactured by Defendant. (Complaint (Docket No. 1-1) ¶¶ 6, 9). In connection with the purchase, Plaintiff received various warranties. (*Id.* ¶ 11).

Following the purchase, Plaintiff alleges that defects manifested in the Vehicle, including "fuel system defects." (*Id.* ¶ 12). Plaintiff presented the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-8888-MWF (AGRx) | **Date:** December 10, 2025 |
| **Title:** Jose Palomino v. General Motors, LLC et al | |

the defects, but Plaintiff alleges that Defendant failed to service or repair the Vehicle in conformance with the express warranties provided to Plaintiff.  (*Id.* ¶¶ 13–14).

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code Sections 1793.2, 1791.1, and violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301–2312.  (*Id.* ¶¶ 8–44).

Plaintiff commenced this action in Los Angeles County Superior Court on April 8, 2025.  (*See generally id.*).  Defendant filed an Answer on July 3, 2025.  (Docket No. 1-2).  On September 18, 2025, Defendant removed this action on the basis of diversity jurisdiction.  (Notice of Removal ("NOR") (Docket No. 1)).

## II.   LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-8888-MWF (AGRx)        Date: December 10, 2025

Title:     Jose Palomino v. General Motors, LLC et al

damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). The MMWA also establishes that no such claim may be brought in the United States district courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000. Moreover, "[t]here is nothing in the text of the Magnuson-Moss Act that would indicate that the amount in controversy for that statute is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

## III. DISCUSSION

Plaintiff argues that Defendant cannot establish that the amount in controversy meets the threshold requirement and that its estimates of actual damages, civil penalties, and attorney's fees are fatally speculative. (Motion at 6–15).

### A. Actual Damages

The Court will first consider the type of attack Plaintiff appears to be making on the jurisdictional facts alleged by Defendant, as it affects the burden of proof.

Following a defendant's removal, a plaintiff may either make a "'facial' or 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM Industrial*, 980 F.3d 694, 700 (9th Cir. 2020). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are "insufficient on their face to invoke federal jurisdiction.'" *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "A factual attack, by contrast, 'contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings," or "by making a reasoned argument as to why any assumptions on which [the jurisdictional allegations] are based are not supported by evidence." *Id.*; *Harris*, 980 F.3d at 700.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-8888-MWF (AGRx) | Date:  December 10, 2025 |
| Title:  Jose Palomino v. General Motors, LLC et al | |

    Plaintiff does not identify here whether his attack is facial or factual.  However, because Plaintiff nowhere provides competing evidence or reasoned argument as to how Defendant's jurisdictional allegations are insufficient, the Court considers the attack a facial attack.  As in *Salter*, Plaintiff here merely argues that Defendant "must support its assertion with competent proof," constituting a facial attack.  *See* 974 F.3d at 964; (*see also* Motion at 6–7 (challenging NOR as "conclusory" and "speculative")).

    Consistent with *Salter*, Defendant need only to "include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in response to a facial attack.  *See* 974 F.3d at 965.  In other words, a notice of removal does not fail because it relies on plausible allegations rather than evidence before a court, as the Supreme Court articulated in *Dart*.  *See id.*  Defendant thus may make reasonable assumptions to surmount the plausibility standard, as a plaintiff might in a Complaint.  *Id.*  Should Plaintiff have wished to factually attack Defendant's allegations, they should have presented competing evidence or reasoned argument undermining Defendant's factual allegations.

    Accordingly, Defendant's allegations in the NOR and its Opposition are sufficient to meet the plausibility standard.  Defendant provided the purchase price and offset amounts it used to calculate actual damages in the NOR.  (NOR at 5).  Defendant slightly revises this amount further in its Opposition, explaining that it calculated the mileage offset by considering the defect alleged in the Complaint and matching the defect to the vehicle's service records, finding the date of relevant repair and the associated mileage.  (Opp. at 6–7).  It then used that mileage to calculate the relevant mileage offset and deducted additional amounts pursuant to any other applicable offsets.  (*Id.*).  This yielded an amount of $40,363.42 in actual damages.  (*Id.*).

    Plaintiff, on the other hand, does not present any competing evidence or reasoned argument to undermine these plausible allegations.  Accordingly, Defendant has adequately alleged actual damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-8888-MWF (AGRx)        **Date:** December 10, 2025

**Title:** Jose Palomino v. General Motors, LLC et al

### B. Civil Penalties

A plaintiff who establishes that a violation of the SBA was willful may recover civil penalties of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).  A court may consider civil penalties in assessing the amount in controversy for an SBA claim where a plaintiff seeks such penalties and alleges willfulness. *Zepeda v. Ford Motor Co.*, No. EDCV 25-01464-MWF (SHKx), 2025 WL 2650358, at *2–3 (C.D. Cal. Sept. 16, 2025); *see also Letter v. Gen. Motors LLC*, No. CV 25-07757-HDV (MAAx), 2025 WL 3187652, at *4 (C.D. Cal. Nov. 12, 2025) ("Civil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake — or in controversy — in the litigation." (cleaned up)).  Proof of liability is not a prerequisite to including civil penalties in the amount in controversy, as that would nonsensically require a defendant "to prove the case against itself."  *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021); *see also Brooks v. Ford Motor Co.*, No. CV 20-302-DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will den[y] that it willfully failed to comply with the Song-Beverly." (internal quotation marks omitted)).

Here, Plaintiff seeks maximum civil penalties under the SBA and allege that Defendant's conduct was willful. (Complaint ¶¶ 17, 24, 28).  The sum of Defendant's estimated actual damages and the two-times civil penalty amount is $121,090.26, which exceeds the jurisdictional threshold.  *See, e.g.*, *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy).

Because the amount in controversy threshold is met with only actual damages plus civil penalties, the Court need not consider Plaintiff's argument regarding the inclusion of attorneys' fees. (Motion at 12–15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-8888-MWF (AGRx)                        Date:  December 10, 2025
Title:     Jose Palomino v. General Motors, LLC et al

## IV.   CONCLUSION

The Motion to Remand is **DENIED**.  Defendant's removal was proper and the jurisdictional facts are adequately pled in Defendant's Notice of Removal.

IT IS SO ORDERED.